IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
SEP 28 2015
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| BERNARD HUGH OLSON,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 14–29–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendations on June 24, 2015, recommending that Olson's petition for writ of habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice and that a certificate of appealability be denied. Because Olson timely objected to the Findings and Recommendations, the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). Those portions of the Findings and Recommendations to which Olson has not specifically objected will be reviewed for clear error. *Id.*; *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Additionally, "[w]here a petitioner's objections constitute 'perfunctory responses argued in an attempt to engage the

1

district court in a rehashing of the same arguments set forth in the original habeas petition,' the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (quoting *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)). For the reasons listed below, the Court adopts Judge Johnston's Findings and Recommendations in full.

Olson was convicted of three felony counts of sexual assault and sentenced to 30 years in prison and an additional 15 years suspended following a bench trial in 1996. His suspended sentence was ultimately revoked because he refused to complete sex offender training, a condition of sentence suspension. Olson petitioned the Montana Supreme Court for a writ of habeas corpus, claiming that the revocation of his suspended sentence was miscalculated and unlawful such that he should have been fully released from state custody on his scheduled release date of January 19, 2011.[1] The state court dismissed his claims, finding that his sentence was properly calculated and denying the remainder of his claims on procedural grounds. Order at 2, *Olson v. Frink*, No. OP 13-0787 (Mont. Nov. 26, 2013). In his petition to this Court for writ of habeas corpus, Olson raised the

---

[1] Olson's sentence was reduced by half for day-for-day good time, a practice no longer authorized by Montana law. Mont. Code Ann. § 53-30-105(1), (repealed 1995).

2

same general claims as he had in the state proceeding, asserting both that his sentence was miscalculated and that the revocation of suspension violated his rights.

Judge Johnston found that Olson's prison sentence was properly calculated and that the Court may not hear the merits of his other claims because they are barred by the procedural default doctrine. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Olson's objections to Judge Johnston's Findings and Recommendations are essentially reiterations or factual expansions of his original claims. Summarized and consolidated, his claims and objections are as follows: (1) his sentence was miscalculated because he was not released on the first scheduled release date; (2) he has been denied the opportunity to prove to a therapist that he does not require sex offender treatment; (3) he made a good-faith effort to seek sex offender counseling; (4) revocation of his sentence suspension is equivalent to an unlawful enhancement; and (5) he has cured the failures of the claim brought before the state court.

The Court first considers Olson's objection to the calculation of his sentence. The Court is limited to the question of whether the Montana Supreme Court made "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Court finds

3

that the Montana Supreme Court reasonably determined that the sentence was properly calculated. The record shows Olson received credit for all time served. Olson's term of imprisonment has not exceeded, nor is it scheduled to exceed, his sentence. Olson's claim that his sentence was miscalculated is therefore without merit.

The Court next considers whether the remainder of Olson's claims are barred by the procedural default doctrine. Olson's remaining objections (2), (3), (4), and (5) do not cure his failure to bring a cognizable claim before the Montana Supreme Court. Thus, his claims are barred.

As required by law, Olson first sought federal habeas relief in state court. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 520 (1982). There, he failed to raise the claim summarized above as objection (2), that he was denied an opportunity to convince a therapist that he did not need counseling. This claim, which may have been raised in state court, is therefore barred. 28 U.S.C. § 2254(b), (c).

Olson did present the substance of objections (3) and (4) as claims before the state court, but the Montana Supreme Court dismissed his petition on the grounds that habeas relief is not available under state law to challenge a sentence revocation. Mont. Code Ann. § 46-22-101(2). Olson "failed to meet the State's

procedural requirements" when he failed to bring a cognizable claim before the state court, "depriv[ing] the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 730. The Montana State Court's decision disposed of Olson's federal habeas claims on "adequate and independent state ground"; as such it will "bar federal habeas review . . . unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto, . . . or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.' " *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

Olson presents objection (5) in an attempt to excuse his failure to bring a cognizable claim before the state court. Prior to issuing his Findings and Recommendations, Judge Johnston issued an Order to Show Cause (Doc. 10), notifying Olson of possible ways in which he may be able to remedy his claims. In his response, Olson merely asserted that his inability to procure a trial transcript is proof in and of itself that he was wrongfully convicted and sentenced. (Doc. 11.) Olson now objects and argues further that his lack of legal sophistication excuses his default. (*E.g.*, Doc. 13 at 17.) Olson has not presented an "external objective factor" that prevented Olson from raising his claims in state court. *Smith v. Baldwin*, 510 F.3d 1127, 1146 (2007). Olson has not excused his failure to

present a viable claim before the Montana Supreme Court, let alone demonstrated resultant prejudice. *Coleman*, 501 U.S. at 750. Nor has Olson shown "that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris*, 489 U.S. at 262. Olson's claims may not be heard by this Court.

Olson has not "made substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. Here, there are neither close questions nor reason to encourage further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability is unwarranted.

There being no clear error in the remainder of Judge Johnston's Findings and Recommendations,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 12) are ADOPTED IN FULL. Olson's petition for writ of habeas corpus (Doc. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 28th day of September, 2015.

Dana L. Christensen, Chief Judge
United States District Court